IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Paul Joseph Danao, | C/A No. 0:17-2853-DCC-PJG |
| Plaintiff, | |
| v. | **ORDER REGARDING AMENDMENT OF COMPLAINT** |
| Kimberly Poholchuk; Cynthia Helff, | |
| Defendants. | |

The plaintiff, Paul Joseph Danao, proceeding *pro se*, brings this civil action. The Complaint has been filed pursuant to 28 U.S.C. § 1915.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint.

**I.   Factual and Procedural Background**

Plaintiff alleges that on October 23, 2014, while detained in the sexually violent predator program in the South Carolina Department of Mental Health ("SCDMH"), the defendants confiscated Plaintiff's notebook on the basis that the notebook had sexually explicit material in it. Plaintiff claims the notebook does not contain sexually explicit material. He also claims he filed a grievance within the SCDMH that was denied, but on appeal, he indicates he received a "partial

---

[1] Plaintiff, a detainee in the South Carolina Department of Mental Health's sexually violent predator program, is subject to civil, not criminal detention. Therefore, he is not a "prisoner" under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). See Michau v. Charleston Cty., S.C., 434 F.3d 725, 729 (4th Cir. 2006).



outcome" in his favor. (Compl., ECF No. 1 at 4.) Plaintiff asks the court to declare the notebook does not have sexually explicit material and direct the SCDMH to return the notebook.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B. Analysis

In his Complaint, Plaintiff does not expressly state a legal cause of action, but in accordance with the court's duty to liberally construe *pro se* complaints, the court construes its as asserting a cause of action pursuant to 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment's Due

Page 2 of 5

PJG

Process Clause based on the purported deprivation of Plaintiff's personal property by the defendants.[2] A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The safeguards of the Due Process Clause are triggered only when a Fourteenth Amendment-protected liberty interest is at stake." Berrier v. Allen, 951 F.2d 622, 624 (4th Cir. 1991) (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)). The Due Process Clause requires that some form of hearing is required before an individual is deprived of a property interest. Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (citing Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Id. (citing Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

The Due Process Clause provides two areas of constitutional protection—procedural due process and substantive due process. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015); see also Snider

---

[2] To the extent Plaintiff seeks to raise a different legal cause of action, Plaintiff fails to provide facts that state a plausible claim for relief. See Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).



Intern. Corp. v. Town of Forest Heights, Md., 739 F.3d 140, 146 (4th Cir. 2014) ("[P]rocedural due process requires fair notice of impending state action and an opportunity to be heard.") (citing Mathews, 424 U.S. at 333). On the other hand, substantive due process "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citing Daniels v. Williams, 474 U.S. 327, 331 (1986)). To state a substantive due process claim, a plaintiff must plausibly allege "(1) that [he] had property or a property interest; (2) that the state deprived [him] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." Tri Cty. Paving, Inc. v. Ashe Cty., 281 F.3d 430, 440 (4th Cir. 2002).

Here, whether Plaintiff seeks to raise a procedural or substantive due process claim, the court finds the facts alleged by Plaintiff fail to state a claim upon which relief can be granted. Plaintiff has alleged only that he was deprived of his property by state actors, but he fails to allege any facts that would plausibly show he was deprived of that property without notice or an opportunity to be heard, or that the deprivation of property was arbitrary. To the contrary, Plaintiff's allegation that he filed an internal grievance and appeal to protest the decision to confiscate the notebook belies any claim that he was denied post-deprivation procedures. And importantly, Plaintiff makes no allegation that his post-deprivation remedy process was inadequate. See Hudson v. Palmer, 468 U.S. 517, 530-536 (1984) (holding that deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); Mora, 519 F.3d at 230-31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate). Moreover,

courts in this district have found that other detainees in the SCDMH's sexually violent predator program like Plaintiff cannot raise a claim that their due process was violated by the deprivation of property because they have adequate state post-deprivation procedures available to them. See LaSure v. S.C. Mental Health, Civil Action No. 9:15-cv-01357-RBH, 2016 WL 5027589, at *5 (D.S.C. Sep. 20, 2016) (citing South Carolina Code § 15-69-10, et seq., entitled "Recovery of Personal Property," as a post-deprivation remedy that allows a plaintiff to institute an action for recovery of personal property); Gibson v. Scaturo, Civil Action No. 2:13-3134-MGL, 2015 WL 4744563, at *5 (D.S.C. Aug. 11, 2015); Treece v. Winston-Wood, Civil Action No. 3:10-2354-DCN-JRM, 2012 WL 887476, at * 6 (D.S.C. Feb. 23, 2012) (finding the South Carolina Tort Claims Act provided the plaintiff with an adequate state post-deprivation remedy for the negligent loss of his personal property).

### III. Conclusion

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. The Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, the court will recommend that the action be summarily dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 14, 2017
Columbia, South Carolina

---

[3] Any amended complaint filed by Plaintiff is also subject to initial review by the court pursuant to 28 U.S.C. § 1915.