UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Paul Joseph Danao, ) | C/A No. 0:17-cv-02853-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Kimberly Poholchuk and Cynthia Helff, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Complaint and Amended Complaint. ECF No. 1, 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On December 14, 2017, the Magistrate gave Plaintiff an opportunity to file an Amended Complaint in order to correct the deficiencies identified by the Magistrate that would warrant summary dismissal of the Complaint. ECF No. 14. Plaintiff filed an Amended Complaint. On January 29, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this action be summarily dismissed. ECF No. 21. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Report recommends that the Complaint be dismissed because Plaintiff has failed to allege a plausible claim that his Due Process rights have been violated. Specifically, the Magistrate Judge found that Plaintiff had not stated a claim for denial of his procedural Due Process rights because he failed to allege that he was deprived of his property without notice or an opportunity to be heard and that courts in this district have held that other detainees in the Sexually Violent Predator Treatment Program cannot state a Due Process claim when their property is taken because they have adequate state deprivation procedures available to them. *See LaSure v. SC Mental Health*, C/A No. 9:15-cv-01357-RBH, 2016 WL 5027589, at *5 (D.S.C. Sept. 20, 2016); *Treece v. Winston-Wood*, C/A No. 3:10-cv-2354-DCN-JRM, 2012 WL 887476, at *6 (D.S.C. Feb. 23, 2012).

In his objections, Plaintiff states that Defendants arbitrarily seized his property. ECF No. 23. The Court notes that while Plaintiff alleges that the seizure was arbitrary, he does not provide any additional facts that demonstrate the decision was arbitrary. Moreover, as explained by the Magistrate Judge, Plaintiff's allegations that Defendants confiscated his

notebook for its sexually explicit content contradicts any claim that the decision was arbitrary.

Plaintiff also contends that, pursuant to the South Carolina Sexually Violent Predator Act he cannot pursue this action in state court. ECF No. 23. Specifically, Plaintiff cites to the portion of the Act that provides,

> The agency with jurisdiction, its employees, officials, individuals contracting, appointed, or volunteering to perform services under this chapter, the multidisciplinary team, and the prosecutor's review committee established in Section 44-48-60 are immune from civil or criminal liability for any good-faith conduct under this act.

S.C. Code Ann. § 44-48-40(D). However, this language does not foreclose Plaintiff from proceeding under the South Carolina Tort Claims Act.

## **CONCLUSION**

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge. Plaintiff's Amended Complaint is **DISMISSED** without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 9, 2018
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.